United States Bankruptcy Court
Eastern District of Michigan

In re:                                              )
Jeffrey Thomas Smith (xxx-xx-0049)                  )      Case No: 14-46405-mar
Sonia Olivia Smith (xxx-xx-6871)                    )
FKA Sonia Hinojosa; FKA Sonia Severance             )      Chapter 13
29066 Grandon Street                                )
Livonia, MI  48150-4080                             )      Hon. Mark A. Randon
                                        Debtors    )

Debtor's Chapter 13 Confirmation Hearing Certificate
[To be completed fully]

At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. _X_ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    Trustee Objections:
    1. Debtor objects to failure to turnover 100% of all tax refunds and bonuses.
    2. Trustee questions Debtors' signatures on Amended Plan filed 9/17/2014.
    3. Trustee questions Worksheet calculated at 36 months.
    4. Trustee requests 100% of profit-sharing/bonus checks.
    Issues:
    1. Debtors are not required to remit tax refunds as they are not known or virtually known to occur, see *Connor v. Carroll* 511 Fed. Appx. 537 (6th Circuit 2013).
    2. Debtor's attorney inadvertently forgot to change the date on the form.
    3. Debtors will resolve through OCP.
    4. Debtors are not required to remit profit-sharing and bonuses as they are not known or virtually known to occur, see *Connor v. Carroll* 511 Fed. Appx. 537 (6th Circuit 2013).

    Creditor # 1: Ford Motor Credit Company, LLC
    Objections:
    1. Creditor objects to its treatment in the plan.
    Issues:
    1. Debtor will resolve through OCP.

3. ___ Request an adjournment of the confirmation hearing to _____, due to the following good cause:

4. \_\_\_ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 10 days.]

5. \_\_\_ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

          Respectfully Submitted,

          */s/ Brian Rookard*
          Edward J. Gudeman (P-14454)
          Brian A. Rookard (P-69836)
          Gudeman & Associates, PC
          Attorneys for Debtor
          1026 W. Eleven Mile Road
          Royal Oak, MI 48067
          Phone: 248.546.2800
          Email: brookard@gudemanlaw.com

Dated: October 9, 2014