# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| **IN THE MATTER OF:** | CHAPTER 13<br>CASE NO. 14-46405 |
| Jeffrey Thomas Smith<br>Sonia Olivia Smith<br>Debtors.<br>_____/ | JUDGE MARK A. RANDON |

# BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO CONFIRMATION WITH RESPECT TO DEBTORS' INCOME TAX REFUNDS AND PROFIT SHARING PROCEEDS

NOW COMES the Chapter 13 Standing Trustee in this matter, Krispen S. Carroll, and hereby files this Brief In Support of Trustee's Objection to Confirmation with respect to Debtors' income tax refunds and profit sharing proceeds.

# STATEMENT OF THE ISSUES

Debtors Jeffrey Thomas Smith and Sonia Olivia Smith (the "Debtors") seek confirmation of their Chapter 13 plan over Trustee's objection for failure to provide 100% of their income tax refunds and profit sharing proceeds for the benefit of their creditors. It is the Debtors' position that their income tax refunds and profit sharing proceeds not required to be committed to the plan as they are "neither known nor virtually certain" at the time of confirmation. (Docket No. 54, Debtors' Brief in Support of Confirmation, p. 4). It is the position of the Trustee that Debtors' income tax refunds and profit sharing proceeds are "disposable income" under 11 U.S.C. § 1325(b) which must be contributed to the Chapter 13 Plan.

# **STATEMENT OF THE FACTS**

Debtors Jeffrey Thomas Smith and Sonia Olivia Smith filed for relief under Chapter 13 of the United States Bankruptcy Code on April 12, 2014. On the same date, the Debtors filed a proposed Chapter 13 Plan offering 100% income tax refunds in part II.C. (Docket No. 2, Debtors' Chapter 13 Plan, p. 2). On August 13, 2014, the Debtors filed a first amended Chapter 13 Plan which failed to make an explicit election in part II.C. However, the default language of Model Plan 3.0 states, "*Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply.*" Paragraph 2 states,

> Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

(Docket No. 36, Debtors' Amended Chapter 13 Plan, p. 2.). The Trustee filed Supplemental Objections to Confirmation of the Debtors' Chapter 13 Plan on August 20, 2014. "The Trustee objects to debtors' failure to check a box in Part II.C. of the Chapter 13 Plan." (Docket No. 45, Trustee's Supplemental Objections to Confirmation, p. 1).

On September 17, 2014, the Debtors filed a second amended Chapter 13 plan in which they struck the default language, "*Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply.*" (Docket No. 61, Debtors' Chapter 13 Plan, p. 2). This change in the amended plan removed debtors' original commitment of income tax refunds. The Trustee filed Supplemental Objections to Confirmation of the Debtors' Chapter 13 Plan on September 25, 2014.

> Trustee objects to the change to Part II.C. of the Chapter 13 Plan. The Plan fails to provide that 100% of all tax refunds received by the debtors from the commencement of the case through the entire Plan pendency will be remitted to the Trustee for distribution among creditors in

contravention of 11 U.S.C. § 1325(b)(1)(B) and <u>In re Freeman</u>, 86 F.3rd 478 (6th Cir. 1996).

(Docket No. 68, Trustee's Supplemental Objections to Confirmation, p. 1).

Debtor Jeffrey Thomas Smith is employed by Ford Motor Company. (Docket No. 1, Debtors' Schedule I, p. 19). At Debtors' 11 U.S.C. § 341 First Meeting of Creditors hearing, Debtor Husband was questioned as to whether or not he is entitled to profit sharing through work. He indicated he received $4,800.00 net in 2014.

The Trustee filed objections to Confirmation of the Debtor's Chapter 13 Plan on June 13, 2014. In these objections, the Trustee specifically addressed Debtor Jeffrey Thomas Smith's profit sharing/bonus checks. "Trustee requests 100% of the profit sharing/bonus checks to which debtor becomes entitled." (Docket No. 24, Trustee's Objection to Confirmation of the Chapter 13 Plan, p. 2).

On September 9, 2014, the Debtors filed their brief in support of confirmation. This is the Trustee's response opposing confirmation of the debtors' 2nd Amended Plan for its failure to comply with 11 USC 1325. Confirmation of the Debtors' Plan has been adjourned three times and is currently set for hearing on October 15, 2014.

# ARGUMENT

**A. Disposable Income**

11 U.S.C. § 1325 governs confirmation of Chapter 13 plans. Specifically, 11 U.S.C. § 1325(b)(1)(B) states where the Trustee objects to confirmation, the Court may not approve a Chapter 13 plan unless:

> [T]he plan provides that **all of the debtor's projected disposable income** to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B) (emphasis added). Prior to 2005, if the Trustee or unsecured creditor objected to confirmation, debtors were required to meet the following requirements:

> [T]he value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or the plan provides that **all of the debtor's projected disposable income** to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B) (emphasis added).

At that time, disposable income was defined as:

> [I]ncome which is received by the debtor and which is not reasonably necessary to be expended (A) for the maintenance or support of the debtor… and (B) if the debtor is engaged in business, for payment of expenditures necessary for the continuation, preservation, and operation or such business.

11 U.S.C. § 1325(b)(2).

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter "BAPCPA") was enacted in 2005, "to ensure that debtors pay creditors the maximum they can afford." <u>Ransom v. FIA Card Services, N.A.</u>, 562 U.S. 61, 131 S. Ct. 716, 720, 178 L. Ed. 2d

603 (2011). 11 U.S.C. § 1325(b)(1)(B) was modified to state, where the Trustee objects to confirmation, the Court may not approve a Chapter 13 plan unless:

> [T]he plan provides that **all of the debtor's projected disposable income** to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1)(B)(emphasis added). BAPCPA made minor modifications to 11 U.S.C. § 1325(b)(1)(B), but did not change "projected disposable income." The Debtors must remit their income tax refunds and profit sharing proceeds to the Chapter 13 Trustee as they constitute disposable income where projected disposable income remains unchanged under 11 U.S.C. § 1325(b)(1)(B).

### B. Disposable Income Test and In Re Freeman

Income tax refunds and profit sharing proceeds are disposable income under controlling Sixth Circuit case law. The Sixth Circuit Court of Appeals determined in In re Freeman, 86 F.3d 478 (6th Cir. 1996) that, "The [income tax refund] income therefore qualifies as "projected disposable income" under section 1325." Id. at 481 (emphasis added). Although the Freeman ruling involved income tax refunds received post-confirmation which were exempted utilizing state exemptions, the same analysis applies here. The Court in Freeman analyzed a number of cases and concluded that "disposable income" includes a broad definition of disposable income.

Post-BAPCPA, the Sixth Circuit made reference to its 1996 Freeman opinion in In re Harchar, 694 F.3d 639 (6th Cir. 2012). "Tax refunds for Chapter 13 debtors are considered income. *See Freeman v. Schulman (In re Freeman)*, 86 F. 3d 478, 481-82 (6th Cir. 1996). And in a Chapter 13 bankruptcy, a debtor is required to devote all of her 'disposable income' to her plan of reorganization." 11 U.S.C. § 1325(b). Harchar at 647.

The Freeman decision is based on the disposable income test in 11 U.S.C. § 1325(b)(1)(B). Congress' enactment of BAPCPA made only two modifications to 11 U.S.C. § 1325(b)(1)(B). The changes are with respect to the plan length ("applicable commitment period" versus "three-year period") and adding "to unsecured creditors" prior to "under the plan." 11 U.S.C. § 1325(b)(1)(B). There was no change with respect to projected disposable income. Neither change invalidated the Sixth Circuit's ruling in Freeman.

The Debtors falsely state that, "the basic rule under Freeman is now changed with the case of Connor v. Carroll," 511 Fed Appx 537 (6th Cir. 2013). The Sixth Circuit opinion is unpublished and therefore not binding on this Court. *See* In re Van Dresser Corp., 128 F3d 945, 948 (6th Cir. 1997). Further, the Connor case involved lawsuit proceeds which are not in question in this case. Finally, there is nothing in the record that supports this claim by the Debtors. The Sixth Circuit did not overturn their prior opinion in Freeman which remains controlling Sixth Circuit case law.

**C. Income Tax Refunds and the Model Plan**

In keeping with the disposable income test and Freeman, the Model Plan in this District, adopted through Administrative Order No. 12-05, includes all federal income tax refunds as disposable income. The Administrative Order adopted Guideline 14 Regarding New Chapter 13 Model Plan requiring all Chapter 13 plans filed in the Eastern District of Michigan be in the form of and contain the content of the new model plan available on the Court's website found at www.mieb.uscourts.gov and on www.13edm.com. This Guideline applies to all Chapter 13 cases filed on or after January 1, 2013. The "new" model plan 3.0 includes provision II.C. which requires an election of one of the following:

> 1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors, Therefore, Debtor is not required to remit any future tax refunds, or

2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I does not include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case, or

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I includes a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

Where there is controlling Sixth Circuit case law with respect to the disposable income test under 11 U.S.C. § 1325(b)(1) and absent any showing by the Debtors that the income tax refunds or profit sharing proceeds are necessary for their maintenance and support (under 11 U.S.C. § 1325(b)(2)(A)), this Court must determine that the income tax refunds and profit sharing proceeds are disposable income pursuant to 11 U.S.C. § 1325(b) and In re Freeman, and require the Debtors to remit these sums yearly to the Trustee for the benefit of Debtors' creditors.

### D. BAPCPA requires all disposable income

Congress enacted BAPCPA with the intention that debtors with more income should pay more to their creditors. The Supreme Court's decision in Ransom v. FIA Card Services, N.A., was predicated on the goals of BAPCPA, "BAPCPA's core purpose of ensuring that debtors devote their full disposable income to repaying creditors." Ransom at 729. The Sixth Circuit's post-BAPCPA opinions also support this view. *See* Baud v. Carroll, 634 F.3d 327 (6th Cir. 2011) cert. denied, 132 S. Ct. 997 (U.S. 2012), In re Darrohn, 615 F.3d 470, 476 (6th Cir. 2010), and In re Seafort, 10-6248, 2012 WL 469723 (6th Cir. 2012). Allowing Debtors to retain tax refunds and profit sharing proceeds received post-confirmation frustrates the purpose of BAPCPA and goes against the disposable income test found in 11 U.S.C. § 1325(b)(1).

As stated in the bankruptcy court case of In re Ramos, 494 BR 181 (Bankr. D. Puerto Rico 2013) many courts both inside and outside the Sixth Circuit have deemed tax refunds to "fall within the disposable income category." Id. at 186. (*See also as cited in* Ramos: In re Michaud, 399 B.R. 365, 371 (Bankr.D.N.H.2008); In re Jones, 301 B.R. 840 (Bankr.E.D.Mich.2003); In re Barbutes, 436 B.R. 518 (Bankr.M.D.Tenn.2010); In re Cleaver, 426 B.R. 390 (Bankr.D.N.M.2010); In re Skougard, 438 B.R. 738 (Bankr.D.Utah 2010); In re Abner, 234 B.R. 825 (Bankr.M.D.Ala.1999); In re Kruse, 406 B.R. 833 (Bankr.N.D.Iowa 2009); In re Mullen, 369 B.R. 25 (Bankr.D.Or. 2007); In re LaPlana, 363 B.R. 259 (Bankr.M.D.Fla.2007); In re Harchar, 694 F.3d 639 (6th Cir. 2012); In re Murchek, 479 B.R. 521 (Bankr.N.D.Iowa 2012). "The logic follows that since most wage-earning chapter 13 debtors anticipate annual tax refunds, a promise to pay tax refunds received during projected years of the plan to the trustee is necessary for confirmation of a chapter 13 plan." Id. citing 11 U.S.C.A. § 1325(b)(1)(B); In re McElroy, 410 B.R. 845 (Bankr.N.D.Iowa 2008).

**E. Income Tax Refunds and Profit Sharing are "Known or Virtually Certain"**

Even if this Court were to be persuaded that Connor v. Carroll has some applicability to the present case, income tax refunds and profit sharing are "known or virtually certain" at the time of confirmation and must be committed to the Chapter 13 plan. The Debtors in the present case receive income tax refunds which should be committed to the plan. In 2014, the Debtors received a $1,688 tax refund from their 2013 Federal Income Tax return. In the prior year, the Debtors had a liability that appears to be attributable to a retirement distribution on their 2013 Income Tax Return. Based upon the facts of this case, it is "known or virtually certain" the Debtors will receive tax refunds in the future.

The Court must require income tax refunds where only the Debtors have the ability to make alterations to their tax withholdings in an effort to modify the amount of the income tax

refund or liability. "The policy for including tax refunds associated with debtors' post-petition income in the chapter 13 plan is to deter debtors from overstating their tax withholding and thus to prevent destabilization of the pillars of the bankruptcy code." Ramos at 186 citing In re Diaz, 459 B.R. 86 (Bankr.C.D.Cal. 2011). It is important that income tax refunds be included as disposable income to prevent debtors from "gaming the system."

The Court must also require Debtors' future profit sharing proceeds as they are also "known or virtually certain." The Debtor Husband has been employed by Ford Motor Company for over 17 years. (Docket No. 1, Debtors' Schedule I, p. 19). Ford Motor Company traditionally offers profit sharing as a fringe benefit to its employees. Last year, the Debtor had a net profit sharing check in the amount of $4,800 based on his testimony at the First Meeting of Creditors. In July 2014 Ford announced its second quarter financial results reporting a second quarter pre-tax profit of $2.6 billion, its 20th consecutive profitable quarter and its best since second quarter 2011. http://corporate.ford.com. Not only does profit sharing fall within disposable income, it also appears to be known or virtually certain when the Debtor is employed at a company like Ford Motor Company.

Where Freeman is binding case law in this district, the Court must find the Debtors must remit their income tax refunds and profit sharing proceeds for the benefit of Debtors' creditors pursuant to 11 U.S.C. § 1325(b)(1)(B).

# CONCLUSION

For the reasons set forth herein, the Chapter 13 Trustee requests this Court deny confirmation of Debtors' Chapter 13 plan where the Debtors have failed to comply with 11 U.S.C. § 1325(b).

                              Respectfully submitted by the
                              OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
                              Krispen S. Carroll, Chapter 13 Trustee

October 10, 2014             /s/ Maria Gotsis
                              KRISPEN S. CARROLL (P49817)
                              MARGARET CONTI SCHMIDT (P42945)
                              MARIA GOTSIS (P67107)
                              719 Griswold Street
                              Suite 1100
                              Detroit, MI  48226
                              (313) 962-5035
                              notice@det13ksc.com

IN THE MATTER OF:

JEFFREY THOMAS SMITH,
SONIA OLIVIA SMITH
Debtors.

CHAPTER 13
CASE NO. 14-46405-MAR
JUDGE MARK A RANDON

_____/

## CERTIFICATE OF MAILING

I hereby certify that on the date indicated below, I electronically filed **BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO CONFIRMATION WITH RESPECT TO DEBTORS' INCOME TAX REFUNDS AND PROFIT SHARING PROCEEDS** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

GUDEMAN & ASSOCIATES
1026 W. ELEVEN MILE ROAD
ROYAL OAK, MI  48067-0000

and I hereby certify that I have mailed by United States Postal Service the above mentioned documents to the following non-ECF participants:

JEFFREY THOMAS SMITH
SONIA OLIVIA SMITH
29066 GRANDON STREET
LIVONIA, MI  48150-4080

October 10, 2014          /s/ Barbara A. Ecclestone
                          Barbara A. Ecclestone
                          For the Office of the Chapter 13 Trustee-Detroit
                          719 Griswold Street
                          Suite 1100
                          Detroit, MI  48226
                          (313) 962-5035
                          notice@det13ksc.com